UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| LOIUS POLUS *et al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| v. | ) | 4:08-cv-85-AS-APR |
| | ) | |
| SUE ANN BELL, TRUSTEE OF THE | ) | |
| DOROTHY JEAN SORENSEN TRUST *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on a Motion to Remand filed on December 2, 2008 by plaintiffs Louis Polus, Robert Forbes, Karl Bapst, Richard Laughlin, Randy Vankley, David Bissell, Cheryle Lewandowski, John Sumara, Dan Lewandowski, Norma Mateer, Jack Mateer, Caroline Turnpaugh, Don Gizel, Patricia Gizel, Joel Chermak, and Shirley Forbes ("plaintiffs") on behalf of themselves and as residents of a subdivision known as "Scully Square."

On October 28, 2008, plaintiffs filed an amended complaint in the Jasper Superior Court alleging violations of their 'personal, property, and constitutional rights,' stemming from the construction of a mobile home in the Sculley Square subdivision. (Docket 1 at 3). Plaintiffs allege that the construction of said mobile home was in contravention of a restricting covenant covering lots in Sculley Square, and in violation of a local zoning ordinance. Id.

Defendant, County of Jasper, Indiana, ("Jasper County") removed this matter to federal court from the Jasper Superior Court on November 12, 2008, based on alleged federal constitutional violations. See 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367.

Plaintiffs filed a motion to remand the proceeding to state court on December 2, 2008. (Docket No. 15). In their motion to remand, plaintiffs argue that defendant Jasper County's notice of removal is legally deficient and Jasper County has failed to comply with Indiana's Open Door Law. Id.

Generally, under 28 U.S.C. §1446(a), a removing party must include in the notice of removal a "short and plain statement of the grounds for removal." The statutory language calling for a "short and plain statement" was the result of the 1988 Amendment to section 1446 contained in the Judicial Improvements and Access to Justice Act. At the time, the House Committee reported that the change was a reaction against a trend in some courts to require detailed pleading upon removal. See H.R. Rep. No. 100-889, at 71-72 (1988), as reprinted in 1988 U.S.C.C.A.N. 5982, 6032; Lonny S. Hoffman, Burn up the Chaff with Unquenchable Fire: What Two Doctrinal Intersections Can Teach Us About Judicial Power Over Pleadings, 88 B.U. L. Rev. 1217, 1245 (2008) (stating, "the 1988 amendment reflects a congressional intent that §1446 should mirror Rule 8 and what was perceived to be its liberal pleading standard.").

Although plaintiffs contend that the "short and plain statement" contained in defendant's notice of removal is insufficient, this argument ignores the liberal pleading

requirement inherent in the amended language of §1446. Although defendant's statement in the notice of removal is somewhat vague, so too is the description of the alleged federal constitutional claim contained in plaintiff's amended complaint.[1] Furthermore, it is evident from the legislative history surrounding §1446 that detailed pleading is not required in order for removal to be properly pled. Accordingly, plaintiffs' first argument in favor of a remand is unavailing.

However, plaintiffs' second argument presents a problem for the defendants. As a rule, removal to federal court under 28 U.S.C. §1441 requires a petition joined by *all* defendants. McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir.1998); Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 272 (7th Cir.1982).

In the instant case, only defendant Jasper County filed and signed the notice of removal. Although defendants claim to have fulfilled the requirements of §1441 by stating in the notice of removal that "[a]ll served Defendants consent to removal," this is not enough to avoid remand to the state court. To the contrary, Seventh Circuit precedent is clear that when a notice of removal is not supported in writing by *all* defendants, remand is required.

---

1   Specifically, paragraph 11 of plaintiffs' amended complaint states:
> By filing their appeal to the Board of Zoning Appeals (sic) the Sculley Square Neighbors were exercising their personal, privacy and property rights, statutory rights, constitutional rights to assemble, to petition government Authority (sic) and to exercise free speech, all protected by the U.S. Constitution and Indiana State Constitution. Furthermore, such rights are protected by Indiana statute IC 34-7-7-5 and further Protected (sic) by Federal Civil Rights Act, 42 U.S.C. 1983 (herinafter referred to as "Protected Rights").

(Docket No 1 at 5).

Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997) (holding that "all served defendants still have to support the petition in writing, i.e., sign it"); Roe v. O'Donohue, 38 F.3d 298, 300 (7th Cir. 1994) ("To 'join' a motion is to support it in writing . . .").

This Court is aware that the remaining defendants subsequently submitted affidavits representing their consent to removal. However, these affidavits were submitted outside of the 30 day window provided for in 28 U.S.C. §1446(b). Though most cases on point, such as Gossmeyer, deal with the failure on the part of the plaintiffs to make a timely objection to improper removal, here the plaintiffs made their objection to Jasper County's improper removal within 30 days of said removal. Accordingly, because plaintiffs' objection was timely and because defendant Jasper County failed to provide timely evidence of all defendants' written consent to removal, remand is required.

Although the requirements for proper removal may seem technical, they are neither onerous nor unduly burdensome. Moreover, since this case is at its infancy, remand to the state court is not inconsistent with justice. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 76-77 (1996). Thus, this Court **GRANTS** the motion to remand, and **REMANDS** this case to the state court from whence it was removed.

**SO ORDERED.**

**DATED: January 12, 2009**

                                        /s/ ALLEN SHARP
                                 **ALLEN SHARP, JUDGE**
                                 **UNITED STATES DISTRICT COURT**